924 F.2d 1057
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Freddie Matthew CLINE, Plaintiff-Appellant,
v.
Eric C. DAHLBERG, Warden, Ohio State Reformatory,
Defendants-Appellees.
 No. 90-3327.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1991.
 
 N.D. Ohio, No. 88-01391; Sam H. Bell, J.
 
 N.D. Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and BERTELSMAN, District Judge.*
 
 ORDER
 
 3
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 Freddie Cline, represented by counsel, appeals the district court's order dismissing his 42 U.S.C. Sec. 1983 prisoner civil rights complaint for failure to state a claim upon which relief could be granted.
 
 
 5
 Cline claimed that he was denied proper treatment for an eye injury inflicted while operating a hand sander in the Ohio State Reformatory shop. He alleged that the injury occurred in July 1986, and that the prison doctor he had originally seen misread his x-rays, missing several metal fragments embedded in his eye. He claimed that, despite his constant complaints of lost vision in his left eye, he was not permitted to see a doctor at the Ohio State University until two years after the injury. He claimed that he requires corrective surgery, and that he has a 50/50 chance of recovering full vision. The defendants are the warden and the Ohio State Reformatory. Cline requested $250,000 in compensatory damages and $250,000 on punitive damages.
 
 
 6
 After reviewing the defendants' motion to dismiss and Cline's reply, the district court dismissed the suit pursuant to Fed.R.Civ.P. 12(b)(6). The court held that the warden was not subject to a suit for damages in his official capacity and that the state agency was immune from damages under the eleventh amendment. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989); Welch v. Texas Dep't of Highways and Public Transp, 483 U.S. 468, 472-74 (1987).
 
 
 7
 Upon review, we conclude that the district court correctly dismissed the case. Accordingly, for the reasons set forth in the district court's order filed March 8, 1990, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation